UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Mark-Allen,

        Plaintiff,

vs.                       REPORT AND RECOMMENDATION

State of Minnesota, County
of Anoka, and County of
Crow Wing,

        Defendants.     Civ. No. 08-4758 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Mark-Allen, for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed.

II. <u>Factual and Procedural Background</u>

For the most part, the Plaintiff's current Complaint is a disorganized and incomprehensible collection of legal and religious jargon. One section of the Complaint suggests that the Plaintiff **might** be trying to assert some type of claim, based upon a traffic stop, during which he might have been apprehended by some law enforcement officials. However, this is sheer speculation, because the section of the Complaint, which appears to describe a traffic stop, does not include any clear reference to the Plaintiff, or to any of the named Defendants. The parties involved in the apparent traffic stop are identified only as "the county" and "the constitution."

The Plaintiff describes the relief he is seeking as follows: "DEMAND FOR TERMINATION OR DISMISSAL of Defendants case." However, the Complaint does not provide any explanation of what this statement actually means.[1]

---

[1] We note that, **if** the Plaintiff is seeking to overturn a Judgment entered against him in a State Court action, which is related to the traffic stop described in his Complaint, then this action is barred by the <u>Rooker-Feldman</u> doctrine, which holds that "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." <u>Lemonds v. St. Louis County</u>, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001); see also , <u>Exxon Mobil Corp. v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 284 (2005) (Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those
(continued...)

III. <u>Discussion</u>

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See, <u>Title 28 U.S.C. §1915(e)(2)(B)(ii)</u>; <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle the complainant to some legal redress against the named defendants, based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be

---

[1](...continued)
judgments"); <u>In re Goetzman</u>, 91 F.3d 1173, 1177 (8th Cir. 1996), cert. denied, 519 U.S. 1042 (1996)("Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations."). The possible applicability of the <u>Rooker-Feldman</u> doctrine will not be fully considered here, however, because it is by no means clear that the Plaintiff is actually seeking to overturn a State Court Judgment. Indeed, it is impossible to ascertain what the Plaintiff is actually seeking to accomplish in this matter.

liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Here, the Plaintiff's Complaint does not describe any historical facts, and it does not identify any applicable legal grounds for the Plaintiff's attempted lawsuit against the named Defendants, much less disclose what jurisdiction this Court has over the subject matter of the Plaintiff's grievance, whatever it may be, or over the Defendants.  The Complaint does not describe any specific acts or omissions by the named Defendants which, if proven true at Trial, would entitle the Plaintiff to any Judgment against the Defendants under any apposite legal theory.  Therefore, the Plaintiff's Complaint fails to state any legally cognizable cause of action.

Since the Plaintiff has failed to plead a cause of action on which relief can be granted, we conclude that this case must be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).  Similarly, given the absence of an actionable claim, we further recommend that his IFP application be denied, as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

BY THE COURT:

Dated: July 29, 2008   *s/Raymond L. Erickson*
  Raymond L. Erickson
  CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 15, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 15, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.